FILED
CLERK
9/25/2023 4:28 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
JANE DOE,

          Plaintiff,

   -against-

JAVIER GONZALEZ,

          Defendant.
-----------------------------------X

ORDER ADOPTING IN PART
REPORT & RECOMMENDATION
21-CV-4580(JS)(LGD)

Appearances:

For Plaintiff:    Travis Pierre-Louis, Esq.
                   Julia Elmaleh-Sachs, Esq.
                   Crumiller P.C.
                   16 Court Street, Suite 2500
                   Brooklyn, New York  11241

For Defendant:    No appearance

**SEYBERT, District Judge**:

        Presently before the Court is the August 4, 2023 Report and Recommendation ("R&R") (see ECF No. 22) of Magistrate Judge Lee G. Dunst regarding the Motion for Default Judgment (the "Default Judgment Motion") (see ECF No. 19) of Plaintiff, Jane Doe ("Plaintiff").  Defendant Javier Gonzalez ("Defendant") has not filed any objections to the R&R, which was served upon him on August 4, 2023.  (See Aff. of Serv., ECF No. 23.)  Moreover, after a further opportunity to respond to Plaintiff's Default Judgment Motion (see Interim Order, ECF No. 24 (providing Defendant 14 days to respond to Default Judgment Motion); see also Aff. of Service, ECF No. 26 (stating Defendant was served with Interim Order by

priority mail on September 5, 2023)), Defendant has not done so. (See Case Docket, in toto.)  Accordingly, the Court proceeds to consider the R&R, which is unopposed.

The Court presumes the parties' familiarity with Magistrate Judge Dunst's August 4, 2023 R&R, from which the Court incorporates by reference herein the terms of art defined therein. Plaintiff moves for default judgment on her Amended Complaint as to four causes of action: (1) sexual assault and battery under state law; (2) claims under the GMVPA; (3) certain activities relating to material constituting or containing child pornography pursuant to 18 U.S.C. § 2252A; and (4) civil remedy for personal injury pursuant to 18 U.S.C. § 2255.  (See generally Am. Compl., ECF No. 13; see also Support Memo, ECF No. 21, at 9 n.2 (withdrawing two claims raised in Amended Complaint).)  She seeks $2,000,000.00 in compensatory damages, $1,750,000.00 in punitive damages, and $55,606.70 in attorney's fees and costs.  Magistrate Judge Dunst recommends the Default Judgment Motion be granted and Plaintiff be awarded her requested compensatory damages, punitive damages, and attorney's fees and costs.  (See R&R, DISCUSSION, at 9-19; see also id., CONCLUSION, at 19.)

The R&R was served upon all parties.  (See R&R Aff. of Serv., ECF No. 23; see also Aff. of Serv. re: Interim Order, ECF No. 26.)  Further, the parties were advised they had 14 days from service of the R&R to file written objections and "[F]AILURE TO

FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS."  (R&R at 19 (emphasis in original).)  The time to object has expired with no objections to the R&R having been filed.  (See Case Docket, in toto.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3).  Any portion of an R&R to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error.  See Owusu v. N.Y.S. Ins., 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009); see also Bassett v. Elec. Arts, Inc., 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015).

Here, in the absence of any objections, the Court reviews Magistrate Judge Dunst's R&R for clear error.  Upon careful review and consideration, as to his findings regarding: (1) Defendant's willful default; (2) Defendant's failure to raise any meritorious defenses; and (3) Plaintiff's stating valid claims and that it would be prejudicial to Plaintiff if she were not awarded default judgment (see R&R at 10-14), the Court finds Magistrate Judge Dunst's R&R to be comprehensive, well-reasoned, and free of clear error.  Accordingly, that portion of the R&R is fully adopted.

Similarly, the Court finds the Magistrate Judge's recommendations regarding compensatory and punitive damages (see R&R at 14-18) to be comprehensive, well-reasoned, and free of clear error; accordingly, that portion of the R&R is also adopted in full.

However, notwithstanding the lack of objections to the R&R, the Court declines to adopt the Magistrate Judge's recommendation that Plaintiff be awarded her attorney's fees. First, it appears Magistrate Judge Dunst did not apply this Circuit's forum rule in as far as he recommended hourly rates awarded in the Southern District of New York and not the Eastern District. (See R&R at 18-19 (recommending hourly rates outside the ordinary range routinely awarded within the Eastern District; citing Southern District cases in support of recommended hourly rate awards).) Cf. Gesualdi v. Bestech Transp., LLC, No. 14-CV-1110, 2022 WL 866853, at *2 (E.D.N.Y. Mar. 23, 2022) ("The reasonableness of hourly rates is guided by the market rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation, and the relevant community is generally the district in which the court sits." (cleaned up)); see also Rudler v. Houslanger & Assocs., PLLC, No. 18-CV-7068, 2020 WL 473619, at *2 (E.D.N.Y. Jan. 29, 2020) ("This Court follows the Second Circuit's 'forum rule,' which 'generally requires use of the hourly rates employed in the district in which the reviewing court sits in calculating the

presumptively reasonable rate." (citations omitted)), and at *4 ("[T]he prevailing rates for attorneys in the E.D.N.Y. . . . are approximately $300-$450 per hour for partners, $200-$300 per hour for senior associates, and $100-$200 per hour for junior associates." (quoting Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC, 373 F. Supp. 3d 398, 404 (E.D.N.Y. 2019); further citations omitted).  Moreover, Plaintiff's attorneys have failed to meet their burden of offering evidence, in addition to their own affidavits (which they also did not submit), showing why the requested fees are appropriate.  See Bestech, 2022 WL 866853, at *3 ("It is Plaintiffs' burden to 'offer evidence to the Court in addition to the attorney's own affidavits why its requested fee is appropriate.'" (quoting LV v. N.Y. City Dep't of Educ., 700 F. Supp. 2d 510, 521 (S.D.N.Y. 2010); further citations omitted); see also Rudler, 2020 WL 473619, at *2 ("The burden is on the fee applicant to submit evidence to support . . . the rates claimed." (collecting cases)); Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012) (same).  Therefore, this portion of the R&R is rejected without prejudice to Plaintiff submitting an amended fee application that is properly supported.

***

Accordingly, **IT IS HEREBY ORDERED** that the R&R (ECF No. 22) is ADOPTED in part, and REJECTED in part; the Court incorporates herein by reference all of Magistrate Judge Dunst's

R&R except for the portion addressing Attorney's Fees and Costs (see R&R, Part II(E)(iii), at 18-19).  In turn,

**IT IS FURTHER ORDERED** that Plaintiff's Default Judgment Motion is GRANTED in part and DENIED in part, with the Court awarding Plaintiff $2,000,000.00 in compensatory damages and $1,750,000.00 in punitive damages, and denying, without prejudice to renew, her request for attorney's fees and costs.  Plaintiff shall have until October 27, 2023 to submit an amended fee application, which is to be served upon Defendant.

**SO ORDERED.**

_/s/_ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   September 25, 2023
         Central Islip, New York